## HOME FINANCING CO. et al. v. THOMPSON. (No. 2259.)

Court of Civil Appeals of Texas. El Paso. April 18, 1929.

Rehearing Denied May 2, 1929.

Emil Corenbleth, of Dallas, for appellants.
John W. Pope and C. G. Hamlin, both of Dallas, for appellee.

HIGGINS, J. On April 10, 1923, C. M. Thompson, appellee, and the Home Financing Company, hereinafter called the company, entered into a written contract. For the disposition of the appeal its terms may be stated as follows:

The company agreed to build a house costing $7,975 for Thompson on a lot in North Oak Lawn addition to the city of Dallas, and sell the house and lot to Thompson for $10,-475, of which amount $2,500 represented the purchase price of the lot. Thompson agreed to convey to the company a house and lot at 341 Pembroke street, for which Thompson was to be allowed a credit of $5,500. Deed to the Pembroke street property was to be immediately executed and possession delivered, "and if said property can be sold on or before the completion of said house in North Oak Lawn addition for more than fifty-five hundred dollars ($5,500.00) then the sum above $5,500.00 shall be credited on the balance due by party of the first part."

The company later sold the Pembroke street property to Geo. W. Conaway for $5,750, but refused to credit Thompson with $250 of such purchase price as provided by the above-quoted provision of the contract of April 10, 1923. To recover such sum Thompson brought this suit against the company and J. K. Hexter. It was sought to hold the latter liable as guarantor by virtue of letter signed by him which reads:

"Dallas, Texas, July 6, 1923.
"Mr. C. M. Thompson, City—Dear Mr. Thompson: This is to say to you that I hereby guarantee that the Home Financing Company will pay you such amount as may be awarded to you through the pending arbitration of the differences between you, as to cost of the property sold to you. This guaranty is especially intended to hold you harmless under any circumstances, by reason of the execution of the papers in the sale at this time, rather than wait for the result of the arbitration.
"Very truly yours,
"[Signed] J. K. Hexter."

Among other matters not necessary to state, the company pleaded an offset of $107.-59 for extras due on the house built by it for

Thompson. As to this item the jury found in the company's favor for $38.84. The case was submitted upon special issues. The evidence shows, and the jury found, that, prior to the sale of the Pembroke street property to Conaway, the company made some repairs thereon at a cost of $70. Judgment was rendered in Thompson's favor for $141.16; the court allowing the defendants credit for said items of $38.84 and $70. The defendants appeal.

It is asserted the undisputed evidence shows the consideration for the Pembroke street property, sold to Conaway was only $5,500. It is not controverted that the consideration paid and agreed to be paid by Conaway was $5,750, but appellants say "the undisputed evidence was to the effect that the property was offered to George W. Conaway at $5,500 and he to make the repairs, and at $5,750 and the Home Financing Company to make the repairs, and the said Conaway was unable financially to make the same, and the Home Financing Company agreed to make the repairs in order to make the sale and add these repairs to the consideration recited in the deed and take a note therefor."

As we understand appellants' position, it is that upon the facts stated in the quotation the consideration for the sale to Conaway was really only $5,500. We do not so regard the matter. Conaway has paid and agreed to pay the company $5,750 for the Pembroke street property, which is $250 more than $5,500, and under the terms of the contract between the company and Thompson the latter is entitled to credit for this, $250. If the company desired to protect itself for any expenditures it might make in order to sell the Pembroke street property, it should have so stipulated in the contract. However that may be, it certainly could not contend for a credit of more expenditures than it actually made to effect the sale. The jury fixed that at $70, and no complaint is made of that finding. The court allowed it credit for that amount. So it has received credit for all the expenses it incurred to put the house in the condition demanded by Conaway.

As to the third, fourth, and fifth propositions, the errors to which they relate are harmless, for upon the undisputed evidence no other judgment could properly have been rendered, except judgment in Thompson's favor for $250, less the credit of $38.84. The allowance of the credit of $70 was improper, but appellee has expressly waived his cross-assignment of error relating thereto.

■ As to Hexter the case must be reversed and rendered. He simply guaranteed the payment of such amount as might be awarded to Thompson by arbitration. His guaranty is unambiguous, plain to that effect, and there has been no arbitration award.

Affirmed as to the Home Financing Company; reversed and rendered in favor of Hexter.